PRESENT:  Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Lacy, S.J.

LEONTE D. EDMONDS

v.  Record No. 151100

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE CLEO E. POWELL
July 14, 2016

FROM THE COURT OF APPEALS OF VIRGINIA

Leonte Delmario Edmonds ("Edmonds") was charged with possession of a firearm after conviction of a felony, in violation of Code § 18.2-308.2.  He entered a guilty plea on March 12, 2014.  Edmonds moved to withdraw his guilty plea prior to sentencing.  The trial court denied the motion and the Court of Appeals affirmed the judgment of the trial court.  On appeal, Edmonds argues that the Court of Appeals erred when it held that the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea because the motion "was made in good faith and premised upon a reasonable basis for the substantive defense of duress."

I.  BACKGROUND

At Edmonds' guilty plea hearing, the Commonwealth offered the following stipulated facts leading to his charge of possession of a firearm after conviction of a felony:

> [O]n September 30, 2013, officers responded to 104 North Thomas Street in Arlington County for a disturbance of a man threatening a woman and saying that he had a gun.  When police arrived, they learned that the threats involved an individual by the name of Brandon Bumpy Miller, who had previously threatened [Edmonds'] girlfriend with a gun.
>
> While on the scene, Officer Martin heard shouting from an apartment from that location and saw [Edmonds] coming out of an apartment that was in the same direction as the shouting. [Edmonds] had clothing that was similar to the clothing described in the 911 call and he was detained.  He initially did not comply with keeping both of his hands on the wall as directed by Officer Martin, keeping his right hand down by his waist.  He then

complied and told Officer Martin that he had a gun in his pants pocket. Martin recovered the handgun from the pocket without incident. The chamber was empty, but there were seven rounds in the magazine. [Edmonds] said he was not involved in the disturbance and that he was trying to do the right thing by getting the gun out of the apartment, so that Bumpy Miller couldn't access it while he was drunk and angry.

While in front of the magistrate, [Edmonds] stated, "Even though I was wrong, I know I was wrong. I was doing the right thing." [Edmonds] had a blood alcohol content of .18 while he was in booking. [Edmonds] was convicted of armed robbery in South Carolina in 1998.

Represented by new counsel, Edmonds filed his motion to withdraw his guilty plea in September 2014 prior to sentencing. Edmonds argued that he took the gun under duress because of the threat of imminent harm to his uncle and girlfriend.

Denying the motion to withdraw the guilty plea, the trial court held that

It's clear that the defense of duress could be available, and the requirement is imminent harm. The facts here [are] that they assume a threat was made, the individual – Mr. Miller – who allegedly had the gun would have to exit the apartment building, go across a courtyard, and go into another building. The Court simply doesn't find that can be imminent. This method of self help is . . . not supported by the facts. A call to the police could have been made, and a call to – we don't even know if those individuals were in the apartment at that point in time. So there is simply no evidence of any imminent harm.

The trial court sentenced Edmonds to the statutorily mandated 5 year sentence.

Adopting the rationale of and affirming the trial court, the Court of Appeals held, in relevant part:

[T]here was no indication that Miller's threat of harm was imminent. . . . In addition, taking possession of the firearm and leaving the apartment was not the only way for appellant to avoid the threatened harm. . . .

Edmonds v. Commonwealth, Record No. 1958-14-4, slip op. at 4 (June 19, 2015) (unpublished).

2

## II. ANALYSIS

Edmonds argues that the trial court erred in denying his motion to withdraw his guilty plea because he had a reasonable basis for arguing he possessed the firearm under duress.[1] We disagree that his defense of duress was reasonable.

Code § 19.2-296 provides,

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

This Court previously addressed the applicable standard for reviewing a motion to withdraw a guilty plea in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949).

> [W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

Parris, 189 Va. at 324, 52 S.E.2d at 873.

> [T]he statute does not expressly provide the standard by which a trial court is to determine whether to grant a motion to withdraw a guilty plea when, as in this case, the motion is made before sentence has been imposed. However, logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice. Cf. Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (quoting Paradiso v. United States, 482 F.2d 409, 416 (3d Cir. 1973)) (holding that where the defendant "waited until after sentence had been imposed to move

---

[1] While Edmonds' assignment of error raises the issue of good faith, he presents no argument to support this basis. Therefore, we need not address it. Rule 5:27(d).

to withdraw his guilty plea," it was appropriate to apply the "'more severe standard'" of requiring a finding of a manifest injustice).

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007).

The Court of Appeals has held that in order to use the defense of duress or necessity, the offender must show

> "(1) a reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm."

Humphrey v. Commonwealth, 37 Va. App. 36, 45, 553 S.E.2d 546, 550 (2001) (quoting Buckley v. City of Falls Church, 7 Va. App. 32, 33, 371 S.E.2d 827, 827-28 (1988)). See also McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978) ("The law of self-defense is the law of necessity, and the necessity relied upon must not arise out of defendant's own misconduct. Accordingly, a defendant must reasonably fear death or serious bodily harm to himself at the hands of his victim.").

We agree with the Court of Appeals' articulation of the duress standard as announced in Buckley and reiterated in Humphrey. Accordingly, we adopt the standard and apply it to the facts of this case and to the facts in Small v. Commonwealth, 292 Va. __, ___ S.E.2d ___ (2016) (this day decided). The only factor argued by Edmonds in support of his defense of duress was a threat of "imminent harm." In order to show that a threat of harm is imminent, Edmonds must demonstrate "'an immediate, real threat to one's safety . . . .'"[2] Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (quoting Black's Law Dictionary 399 (7th ed. 1999)).

---

[2] Edmonds' defense was based on a perceived threat to his uncle and his girlfriend. Because we find that there was no "imminent threat," we need not address the issue of whether his argument based on the defense of a girlfriend is valid.

4

See United States v. Crittendon, 883 F.2d 326, 329-30 (4th Cir. 1989) (finding no evidence to show present or imminent threat of death or injury despite a generalized fear of danger); Byrd v. Commonwealth, 89 Va. 536, 539, 16 S.E. 727, 729 (1893) ("There must be . . . some act menacing present peril . . . [and] the act . . . must be of such a character as to afford a reasonable ground for believing there is a design . . . to do some serious bodily harm, and imminent danger of carrying such design into immediate execution."); Byers v. Commonwealth, 37 Va. App. 174, 185, 554 S.E.2d 714, 719 (2001) (finding no imminent danger requiring possession of a firearm by a convicted felon where Byers only had a "generalized fear" of bodily harm after alleged threats to "finish the job" of killing Byers had been made); Humphrey v. Commonwealth, 37 Va. App. 36, 553 S.E.2d 546 (2001) (allowing defense of necessity to charge of possession of a firearm by a convicted felon where defendant was under direct attack by gunfire at the time of possession).

Here, Edmonds has not shown that there was "imminent threatened harm" which led to him possessing a firearm. Humphrey, 37 Va. App. at 45, 553 S.E.2d at 550 (citation and internal quotation marks omitted). The record is devoid of a sufficient proffer of evidence that there was the threat of imminent danger. Numerous questions are left unanswered by the record, including the location of the apartment, where the firearm was actually located, whether Bumpy Miller even possessed the firearm, or even knew of the firearm's location. As the trial court held, Edmonds' actions in possessing the firearm were a "method of self help . . . not supported by the facts." In addition, as the trial court explained, "[a] call to the police could have been made, and a call to – we don't even know if those individuals were in the apartment at that point in time. So there is simply no evidence of any imminent harm." The Court of Appeals agreed with these observations, concluding that "there was no indication that [the] threat of harm was imminent"

5

and that "taking possession of the firearm and leaving the apartment was not the only way for [Edmonds] to avoid the threatened harm; he could have called the police." Edmonds, Record No. 1958-14-1, slip op. at 4. Based on the facts of this case, we cannot say that the trial court abused its discretion in finding no indication that any harm was imminent and, concomitantly, in denying Edmonds' motion to withdraw his guilty plea.[3] Nor do we conclude that the Court of Appeals erred in concluding, for those same reasons, that "the trial court did not err in denying [Edmonds'] motion to withdraw [his] plea." Id.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals concluding that the trial court did not err in denying Edmonds' motion to withdraw his guilty plea.

Affirmed.

---

[3] The Commonwealth argued on brief and at oral argument that the Court should apply the stricter manifest injustice standard rather than the more liberal standard applied when a motion to withdraw a guilty plea is filed prior to entry of the sentencing order. Because we hold Edmonds cannot meet the more liberal standard, applying the stricter manifest injustice standard would be unnecessary.