COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia

FRANCISCO HERNANDEZ, S/K/A
  FRANCISCO ALBERTO HERNANDEZ

                                                        OPINION BY
v.      Record No. 1544-15-1                  JUDGE ROBERT P. FRANK
                                                     DECEMBER 6, 2016

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Wilford Taylor, Jr., Judge

            Charles E. Haden for appellant.

            Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
            Attorney General; Kathleen B. Martin,* Assistant Attorney General,
            on brief) for appellee.


        Francisco Hernandez, appellant, appeals his convictions of breaking and entering, two

counts of attempted robbery, four counts of use of a firearm in the commission of felonies, and

abduction. Appellant contends the trial court abused its discretion by denying his motion to

withdraw his guilty pleas prior to sentencing. We find that the trial court erred by denying the

motion because appellant's counsel misadvised her client concerning a valid insanity defense. For

the reasons that follow, we reverse the judgment of the trial court.

                                        Background

        This case originated as three separate proceedings in the lower courts: (1) a probation

violation to revoke a suspended sentence imposed in a prior grand larceny conviction;

        * Kathleen B. Martin became an employee of this Court on August 10, 2016. She has had
no involvement in the Court's review of this case.

(2) multiple felony charges with an offense date of May 28, 2011; and (3) a felony charge of assault and battery of a law enforcement officer with an offense date in July 2011. The trial court eventually consolidated the new May and July 2011 charges that are the subject of this appeal.

In May 2011, appellant was released from incarceration, having served the active term of imprisonment for the prior grand larceny conviction. Within approximately a week of his release from incarceration, appellant allegedly committed new offenses. Appellant was indicted for breaking and entering, conspiracy to commit robbery, three counts of attempted robbery, malicious wounding, two counts of abduction, and seven counts of using a firearm in the commission of those felonies, all occurring on May 28, 2011. While in jail on those charges, appellant was charged with assaulting a law enforcement officer on July 13, 2011. The general district court ordered a mental health evaluation to determine appellant's competency to stand trial and sanity at the time of the July 2011 offense. Dr. Earle H. Williams, II, a clinical psychologist, examined appellant on August 30, 2011 and concluded appellant was not competent to stand trial because of his inability to understand issues relating to courtroom and trial personnel, procedures, and concepts. He made no findings of sanity or insanity. Appellant was transferred to Central State Hospital and restored to competency in October 2011. Dr. Williams later determined appellant was legally insane at the time of the July 2011 offense.

When appellant was released from incarceration on the prior grand larceny charge, he failed to report to the probation office, prompting his probation officer to seek a probation violation. At a January 17, 2012 revocation hearing, the trial court granted appellant's motion to evaluate his sanity at the time of the probation violation.[1] Dr. Williams issued a report on

_____

[1] The date on the order reads, "January 3, 2012." Since the hearing was held on January 17, 2012, the January 3, 2012 date appears to be a clerical error.

February 13, 2012 in which he concluded appellant was sane at the time of the May 2011 offenses.[2] This report contained the case number for the probation violation, but discussed the May 2011 offenses. The report notes that one of the "sources of data" Dr. Williams used was a packet of information from the Commonwealth's Attorney containing the warrants for the May 2011 offenses.

At a January 23, 2012 hearing on the May 2011 charges, the trial court granted appellant's motion to evaluate appellant's sanity at the time of the May 2011 offenses. Dr. Williams prepared a new report, dated March 19, 2012, and concluded appellant was insane during the time period alleged in the probation violation, May 24, 2011 – May 30, 2011, which encompassed May 28, 2011, the date of the new felony offenses. Dr. Williams did not mention his report of February 13, 2012, which was inconsistent with the new report. In the March 19, 2012 report, Dr. Williams concluded the following:

> Given these facts it is possible that Mr. Hernandez was psychotic during the first week of his release from jail. The nature of his disorder is such that his reality testing abilities were compromised. It appears that he did not have the ability to tell right from wrong nor the capacity to understand the nature, character or consequences of his behavior at the time of his alleged offense. This is a case where he had considerable difficulty confining his actions to the limit of the law. Because of his assumed psychotic episode the requirements for an insanity defense are met. Mr. Francisco Hernandez was insane at the time of the alleged offense of probation violation.

On May 18, 2012, appellant pled guilty to eight of the charges arising from the May 28, 2011 offenses and the charge of assault on a law enforcement officer. On July 18, 2012 appellant filed a *pro se* motion to withdraw his guilty pleas, alleging poor communication with counsel and counsel's failure to provide him with "paper work." On November 9, 2012, new counsel, Nikeva S. Bailey, filed a motion to withdraw appellant's guilty pleas, noting the

---

[2] Williams later testified he was addressing the felony charges in this report.

inconsistencies in Dr. Williams' report of February 13, 2012 (sane) and his report of March 19, 2012 (insane) and citing excerpts from each report. Bailey argued that in light of the March 19, 2012 finding of insanity, appellant did not make a voluntary or informed decision as to his pleas. Based on the conflicting reports, finding appellant both sane and insane, during the same time period in May 2011, the Commonwealth agreed to, and the trial court granted, the motion to withdraw the guilty pleas. At the hearing on the motion, appellant made a motion for a new psychological evaluation and concurred in the Commonwealth's request for the evaluation to be performed by a different doctor. The trial court appointed Dr. William L. Pappadake, a clinical psychologist, to conduct a new evaluation. Dr. Pappadake found appellant competent to stand trial and sane at the time of the offenses.[3]

On June 11, 2013, approximately four months after the trial court granted appellant's motion to withdraw his first guilty pleas, appellant entered pleas of guilt, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to breaking and entering, two counts of attempted robbery, four counts of use of a firearm in the commission of felonies, and abduction.[4] The trial court found that appellant's pleas were "knowingly, freely, and intelligently made."

On November 1, 2013, appellant appeared in the trial court, the cases having been set for hearings on the probation revocation and sentencing for the May 2011 charges. Appellant advised the trial court he wanted to plead not guilty by reason of insanity for the May 2011

---

[3] Dr. Pappadake stated appellant "admitted that on the day of the alleged incident he was not experiencing any symptoms of psychosis," "while under the influence of cocaine and marijuana" he "was convinced to commit a burglary," and "he knew this was wrong but was reportedly afraid to go against the other individual." Dr. Pappadake concluded that while appellant suffered from mental illness, his use of "illicit substances on that day . . . could have influenced his thoughts and behaviors." By refusing to answer certain questions, and his concession that he "knew it was wrong and wanted to leave," Dr. Pappadake found appellant understood the difference between right and wrong.

[4] Alford pleas of guilt have the "same preclusive effect as a guilty plea." Zebbs v. Commonwealth, 66 Va. App. 368, 379, 785 S.E.2d 493, 498 (2016) (quoting Ramsey v. Commonwealth, 65 Va. App. 593, 596 n.1, 779 S.E.2d 241, 243 n.1 (2015)).

offenses and the probation revocation proceeding. On December 20, 2013, Bailey filed a written "Motion for Judgment of Acquittal by Reason of Insanity or New Trial."

In support of appellant's motions, Bailey notified the trial court she noticed errors in Dr. Williams' reports while preparing for the probation violation proceeding. She determined the reports and the trial court's orders for evaluation did not coincide and that the reports contained incorrect case numbers. Based on when the trial court issued orders for evaluation, Bailey opined that the first report -- finding appellant was sane -- should have been for the probation violation and that the second report -- finding appellant was insane -- should have been for the robbery related charges. She asserted that these were substantial errors that caused her to believe appellant could not present an insanity defense for the substantive charges.[5] Bailey represented that she misadvised appellant that he could not rely on the previous reports and that Dr. Pappadake's finding of sanity "trumped" Dr. Williams' findings. She claimed she thought appellant was "statutorily barred" from presenting the insanity defense because both doctors found appellant was sane for the May 2011 offenses. She claimed that it was not until she noted the errors in Dr. Williams' reports that she realized appellant could have had a valid insanity defense.

On September 10, 2014, the trial court conducted a hearing wherein Dr. Williams and Dr. Pappadake testified. Dr. Williams explained the February 2012 and March 2012 reports differed in opinion because, subsequent to his February report, he obtained additional information concerning appellant's medication. That information caused him to then believe appellant was insane during the relevant time period encompassing the probation violation and the May 2011 charges. Again, Dr. Williams opined, "[appellant] was very possibly insane during the time of the [felony] offense[s]."

_____

[5] While Bailey highlighted additional discrepancies, the basic argument remained the same.

- 5 -

Dr. Pappadake, however, testified he believed appellant was not legally insane during the felony time period because his mental illness did not influence his behavior, but rather his volitional drug use and rational, poor, choices lead to the crimes. Dr. Pappadake stated appellant was insane, but that diagnosis was not relevant to his behavior at the time of the felonies because appellant knew what he was doing was wrong.

The trial court found that Dr. Pappadake was the more credible witness and denied appellant's motion to withdraw his guilty pleas. The trial judge made the following specific findings:

> I credit Dr. Pappadake in that his behavior at the time of the offense was not influenced by his mental state. . . . [Appellant] told him he thought it out. He said he knew what he was doing and that what he was doing was wrong. He stands by his opinion, and between Dr. Pappadake and Dr. Williams I credit Dr. Pappadake's testimony and his report. What I believe happened is that Dr. Williams did opine that he was insane, but he was restored. . . . Of course then we get to Dr. Williams' two conflicting reports and then Dr. Pappadake's follow-up report. So, in light of all of this . . . I'm satisfied that [appellant] . . . made a voluntary and intelligent plea, and I'm going to exercise my discretion to not allow him to withdraw [his guilty pleas].

This appeal follows.

Analysis

Appellant contends that since he entered his guilty pleas under an honest mistake of material facts, the trial court erred in not granting his motion to withdraw his pleas. Bailey, his trial counsel, admitted at the hearing on the motion that she misadvised appellant to enter the guilty pleas, rather than plead not guilty by reason of insanity, because she thought the defense was no longer available to him.

Code § 19.2-296 states, in pertinent part, that "[a] motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of a sentence is suspended . . . ." The code section does not provide any standard by which the trial court should

consider motions to withdraw guilty pleas. Nevertheless, the Supreme Court of Virginia has determined the standard for withdrawing such pleas

> requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt. The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial.

Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008). The "good faith" prong of the test requires proof that the plea was submitted "under an honest mistake of material fact" or "was induced by fraud, coercion or undue influence and would not otherwise have been made." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949); see Pritchett v. Commonwealth, 61 Va. App. 777, 787-90, 739 S.E.2d 922, 927-28 (2013).

> Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.

Parris, 189 Va. at 325, 52 S.E.2d at 874.

> The object of the Parris standard is to allow a defendant to withdraw his guilty plea in situations where the defendant would not have pled guilty but for some external circumstance such as coercion, or poor or erroneous advice from counsel. The Supreme Court in Parris did not, however, set about to enable gamesmanship or mere regret.

Pritchett, 61 Va. App. at 788, 739 S.E.2d at 928.

A trial court's decision to deny a motion to withdraw a guilty plea prior to sentencing is reviewed under an abuse of discretion standard. Id. at 785, 739 S.E.2d at 926. The decision "rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris, 189 Va. at 324, 52 S.E.2d at 873. "Only when reasonable

jurists could not differ can we say an abuse of discretion has occurred." Williams v. Commonwealth, 59 Va. App. 238, 246-47, 717 S.E.2d 837, 841 (2011) (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006)). "[W]hen a decision is discretionary . . . 'the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2001) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

Whether the trial court abused its discretion "is to be determined by the facts and circumstances of each case." Hoverter v. Commonwealth, 23 Va. App. 454, 464, 477 S.E.2d 771, 775 (1996) (quoting Parris, 189 Va. at 324, 52 S.E.2d at 873). It is important to note that this appeal addresses appellant's second motion to withdraw his guilty pleas; he was afforded the opportunity to withdraw his pleas once before. In appellant's first motion, in 2012, Bailey specifically cited the conflicting reports, recognizing at that time that Dr. Williams found appellant to be both sane and insane during the same time period. Nevertheless, in 2013, Bailey again notified the trial court appellant wanted to pursue an insanity defense. The only matter Bailey claimed she did not know at the time appellant entered the second set of pleas was that there were discrepancies concerning when the trial court ordered the reports, when and in what order Dr. Williams received the court's orders, and that the case numbers did not match the content of the reports. With these additional minor discrepancies, appellant's argument mirrored the original motion. However, Bailey disclosed it was not until she noted these minor errors in Dr. Williams' reports that she realized appellant could have had a valid insanity defense.

Our first inquiry is whether appellant entered his guilty pleas based on an honest mistake of material fact or whether they were made inadvisedly, i.e. whether his counsel misadvised him

as to his plea.[6]  Bailey represented to the trial court she advised appellant he did not have a valid insanity defense once Dr. Pappadake found appellant to be sane.  The record reflects multiple occasions where she conceded that she misadvised appellant that he could not assert an insanity defense prior to entering the subject guilty pleas.

The Commonwealth cites Jones v. Commonwealth, 29 Va. App. 503, 513 S.E.2d 431 (1999), to support its position that there was no material mistake of fact.  Jones attempted to have his guilty pleas set aside because his pleas were based on a statement of an accomplice who gave a "materially different" account of events.  However, prior to the entry of the guilty pleas, Jones' counsel had advised him of the inconsistencies in the accomplices' testimony, and had discussed with Jones the opportunity to attack the accomplices' credibility and his plea alternatives.  Jones, in his motion to withdraw his pleas, maintained these inconsistencies caused him to enter his pleas under an honest mistake of material fact.  We held there was no honest mistake of material fact because appellant was fully aware of the inconsistencies prior to the entry of his pleas.  Thus, the Commonwealth concludes that because appellant was aware of the inconsistent reports prior to entering his pleas, the trial court was correct in denying the motion.

We find Jones is distinguishable on its facts.  In Jones, prior to entering his pleas, he was aware of the factual inconsistencies in the testimony and chose to enter the guilty pleas.  Notably, Jones' pleas were not based on his counsel's legal advice.  Here, appellant's pleas were based solely on his counsel's faulty legal analysis of the efficacy of an insanity defense.  Although appellant was aware he had previously been allowed to withdraw his earlier pleas because of a possible insanity defense, and he knew of the conflict in Dr. Williams' reports, appellant was unable to evaluate the soundness of his counsel's legal advice that the insanity defense was no longer available.

---

[6] Appellant does not contend his plea was entered through fear, fraud or official misrepresentation.

This Court has held that "poor or erroneous advice from counsel," Pritchett, 61 Va. App. at 788, 739 S.E.2d at 928, where "an attorney overlooked a viable defense," id. at 790, 739 S.E.2d 928, constitutes grounds for withdrawing a guilty plea as being inadvised. Here, Bailey admitted she gave appellant erroneous advice that caused him to enter the guilty pleas rather than present a viable defense. The record established Bailey misadvised her client.

Having found that appellant was misadvised, we next consider whether appellant presented a reasonable defense. The Commonwealth argues appellant's defense was not reasonable. In support of this argument, the Commonwealth, citing Williams v. Commonwealth, 59 Va. App. 238, 249, 717 S.E.2d 837, 842 (2011), asserts appellant is "challenging witness credibility," which is not a reasonable defense. Although the trial judge found Dr. Pappadake to be a more credible witness than Dr. Williams, such was not a determination for the trial court to make.

In a motion to withdraw a guilty plea, it is not the trial court's role to evaluate credibility of witnesses, nor to determine whether the proffered defense will be successful. The role of the trial court is to determine whether the defendant has made a *prima facie* showing of a reasonable defense. If the trial court finds as a matter of law, that the defendant has no reasonable defense, it may then deny the motion. See Edmonds v. Commonwealth, ___ Va. ___, ___, 787 S.E.2d 860, 863 (2016) (duress defense, as a matter of law, not reasonable where "[t]he record is devoid of a sufficient proffer of evidence that there was the threat of imminent danger"); Small v. Commonwealth, ___ Va. ___, 788 S.E.2d 702 (2016) (duress defense, as a matter of law, not supported by the record). However, if the defendant proffers sufficient facts to support the asserted defense, such that it is reasonable to present it to the judge or jury trying the case, the trial court should grant the motion. See Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007) (trial court should have granted motion to withdraw guilty plea when, as a matter of law,

defendant could not break into her own home); <u>Bottoms v. Commonwealth</u>, 281 Va. 23, 704 S.E.2d 406 (2011) (trial court should have granted motion to withdraw guilty plea when defendant's proffered facts supported asserted defense, justifying presentation to factfinder).

Here, the trial court's threshold decision should have been whether appellant proffered a reasonable, or *prima facie*, insanity defense that the jury could weigh as the factfinder. "The issue is not whether a court thinks a jury or other factfinder would necessarily accept the defense, but rather whether the proffered defense is one that the law would recognize as such if the factfinder found credible the facts supporting it." <u>Hubbard v. Commonwealth</u>, 60 Va. App. 200, 210, 725 S.E.2d 163, 167-68 (2012). "[T]he defendant is entitled to put on a reasonable defense if he has one." <u>Id.</u> at 210, 725 S.E.2d at 168. Thus, the trial court's inquiry should have been whether appellant proffered a valid defense recognized by the law, not the likely effectiveness of the defense.

Here, Dr. Williams concluded appellant was insane at the time of the offenses; the jury, as factfinder, would decide whether such conclusion was credible. As the Court found in <u>Hubbard</u>, "[h]owever ineffective [the insanity defense] might ultimately prove to be, [appellant's] proffered defense is . . . neither merely dilatory nor formal." <u>Id.</u> If the jury accepted Dr. Williams' explanation for his conflicting reports and found his testimony to be credible, a jury could find appellant not guilty by reason of insanity. The trial court invaded the province of the jury in determining that appellant's insanity defense was not credible. Therefore, the record established that appellant proffered a reasonable defense.

Our final inquiry, then, is whether the Commonwealth suffered prejudice by the delay. The Supreme Court of Virginia recently held that "prejudice to the Commonwealth [is] a relevant factor that should be considered when reviewing a motion to withdraw a guilty plea."

<u>Small</u>, ___ Va. at ___, 788 S.E.2d at 705.  The parties did not address prejudice in the trial court.

However, the Commonwealth, on brief, stated

> [T]he Commonwealth agreed to *nolle prosequi* seven of the . . .
> felonies as well as the charge of assault and battery of a law
> enforcement officer.  While the Commonwealth could reinstate the
> offenses, they were committed in 2011, and obtaining the
> necessary witnesses to prosecute the cases five years later *might
> prove difficult*.

(Emphasis added.)

> [A]n appellee may argue for the first time on appeal any legal
> ground in support of a judgment so long as it does not require new
> factual determinations, <u>see</u> [<u>Harris v. Commonwealth</u>, 39 Va. App.
> 670,] 676, 576 S.E.2d [228,] 231 [(2003) (*en banc*)], or involve an
> affirmative defense that must be "asserted in the pleadings," <u>Eason
> v. Eason</u>, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963), or serve
> as a subterfuge for a constitutionally prohibited crossappeal in a
> criminal case, <u>Hart v. Commonwealth</u>, 221 Va. 283, 290, 269
> S.E.2d 806, 811 (1980).

<u>Blackmon v. Commonwealth</u>, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005) (footnote

omitted).  Although this Court may consider the potential prejudice to the Commonwealth,

though it was not raised in the trial court, the record in this case does not contain any factual

findings to suggest any prejudice to the Commonwealth.

The Commonwealth is speculating that the passage of time "might" hamper its ability to

find and call witnesses.  The record does not contain facts, nor does the Commonwealth cite to

any in the record, to support this contention.  The Commonwealth did not identify any witnesses

as likely being unavailable, <u>see</u> <u>Howell v. Commonwealth</u>, 60 Va. App. 737, 732 S.E.2d 722

(2012) (elderly witness likely unavailable), or charges that could not be prosecuted due to the

delay, <u>see</u> <u>Ramsey v. Commonwealth</u>, 65 Va. App. 593, 779 S.E.2d 241 (2015) (statute of

limitations to prosecute dropped misdemeanor expired).  Although the <u>Small</u> Court affirmed the

trial court's determination that the passage of time itself constituted prejudice, the record

contained statements by the trial judge weighing the equities of granting the motion against the

- 12 -

prejudice to the Commonwealth caused by the delay. The <u>Hubbard</u> Court approved granting pre-sentencing motions to withdraw guilty pleas when "the *record* indicates that there has been some form of *significant prejudice* to the Commonwealth." <u>Hubbard</u>, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4 (emphasis added). Here, the trial court did not make any findings concerning the length of delay causing any prejudice to the Commonwealth. Therefore, this Court cannot find that the passage of time itself was so prejudicial to the Commonwealth as to outweigh the benefit to appellant of allowing him to withdraw his pleas and proceed to trial on an insanity defense.

Accordingly, we conclude the trial court abused its discretion in not allowing appellant to withdraw his guilty pleas, based on a material mistake of fact, having been erroneously advised by his attorney concerning the availability of an insanity defense. We reverse the trial court's decision and remand for a new trial, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>