COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Huff, Athey and Fulton
Argued at Lexington, Virginia


ROBERT LEE JEFFREY, JR.

                                                   MEMORANDUM OPINION* BY
v.        Record No. 1257-22-3                     JUDGE CLIFFORD L. ATHEY, JR.
                                                   DECEMBER 12, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

Melvin L. Hill for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


In the Circuit Court for the City of Roanoke ("trial court"), Robert Lee Jeffrey, Jr.

("Jeffrey") was convicted by a jury of two counts of obtaining money by false pretenses and

subsequently pled no contest to one count of embezzlement. On appeal, Jeffrey assigns error to the

trial court for denying his motion to: (1) withdraw his no contest plea in order to raise the issue of a

fatal variance between the named victim in the indictment and the proof the Commonwealth

presented; (2) withdraw his no contest plea to raise the issue of his being denied the opportunity to

call a witness in his defense; (3) continue the sentencing hearing; and (4) set aside the verdict on the

charges of obtaining money by false pretenses because Jeffrey was not allowed to testify on his own

behalf. For the reasons to follow, the judgment of the trial court is affirmed.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

I. BACKGROUND

Beginning in 2019, Jeffrey worked for the Northwest Neighborhood Environmental Organization ("NNEO"). In July of 2020, NNEO hired Jeffrey as the property manager for two apartment complexes it owns: Gilmer Housing Associates Apartments ("Gilmer Housing") and McCray Court Housing ("McCray Court"). Even before being hired as property manager, NNEO had given Jeffrey access to certain bank accounts; he had debit cards and checkbooks for those accounts. Later, Jeffrey also opened two more accounts, one for McCray Court and one for Gilmer Housing, and NNEO gave Jeffrey authority to make any needed expenditures for the apartment complexes out of those accounts.

Jeffrey used funds from these checking accounts for the benefit of himself and others. Specifically, he paid for $3,836.67 worth of construction work at his mother's home with a McCray Court check. He also used the McCray Court debit card to purchase a stove which was delivered to his mother's house. He also paid with NNEO funds for lawn care services at his residence. He wrote two McCray Court checks to a construction company, one for $25,000 and the other for $4,000, for work not related to either apartment complex. He purchased various appliances and furniture with McCray Court funds; these expenditures were in excess of $6,000.

A grand jury indicted Jeffrey on two counts of embezzlement on July 6, 2021. The first of the two indictments alleged:

> The accused, [Jeffrey], on or between May 1, 2020 and October 31, 2020 in the City of Roanoke, Virginia, did unlawfully, feloniously, and fraudulently use, dispose of, conceal, or embezzle money or other personal property, tangible or intangible, in the amount of One thousand Dollars ($1000) or more, which he had received by virtue

of his employment, position of trust, or agency relationship with Northwest Neighborhood Environmental Organization, Inc.[1]

Jeffrey was subsequently indicted in October 2021 on two additional counts of obtaining money by false pretenses.

A jury tried and convicted Jeffrey on the two indictments alleging that he obtained money by false pretenses. Jeffrey was also subsequently tried by a jury on the embezzlement indictments. On the second day of the embezzlement jury trial, Jeffrey withdrew his not guilty plea and entered a no contest plea to one count of embezzlement pursuant to a plea agreement with the Commonwealth. In exchange for his no contest plea, the Commonwealth requested that the trial court enter an order of nolle prosequi dismissing the second count of embezzlement. During the guilty plea colloquy, the Commonwealth proffered evidence of Jeffrey's relationship with NNEO and his purchasing construction services, lawn care, appliances, and furniture with funds from McCray Court's account as summarized above. After the proffer, Jeffrey, through counsel, agreed that such would have been the Commonwealth's evidence against him, had the trial proceeded. Jeffrey also asserted that he had decided for himself to plead no contest and that he was "freely and voluntarily" entering the plea. He told the trial court that he understood that his no contest plea was essentially the same as a guilty plea. He indicated that he understood he was waiving his right to a jury trial and his right to defend himself. Jeffrey also told the trial court that he was "entirely satisfied" with his counsel's representation of him.

The trial court originally scheduled sentencing for June 7, 2022, but the Commonwealth and Jeffrey each moved for a continuance. On that date, the trial court entered an order of substitution,

---

[1] The record only contains the indictment on the count he pled guilty to. As discussed below, the second count of embezzlement was dismissed by order of nolle prosequi upon the Commonwealth's motion pursuant to a plea agreement; the indictment associated with that second count is not part of the record.

making Melvin L. Hill ("Hill") counsel for Jeffrey. Hill had been retained by Jeffrey on May 19, 2022. On August 12, 2022, Jeffrey's counsel filed a motion to continue the sentencing hearing scheduled for August 22, 2022. On August 17, 2022, the trial court held a hearing on Jeffrey's motion to continue. The trial court denied the motion, and no transcript or statement of facts concerning the August 17, 2022 hearing was made a part of the record on appeal.

On August 12, 2022, Jeffrey also filed a motion requesting the trial court to allow him to withdraw his no contest plea. He asserted that "[a] fatal variance existed between the allegations in the indictment and the proof of the crime." Jeffrey also alleged that he had "intended to call Evangeline Jeffrey, [his] mother, as a witness on his behalf," but he "was advised by previous counsel that Ms. Jeffrey could possibly face criminal charges if she testified[,]" so he "plead[ed] no contest to avoid the possibility of his mother being charged." Jeffrey also asserted that he "only had ten (10) minutes to decide whether to enter into a plea agreement[.]"

This motion was followed on August 19, 2022, with a motion to set aside the verdict of the jury in his trial for obtaining money by false pretenses. He asserted that his counsel had prevented him from testifying in his own defense. Jeffrey claimed that had it not been for this interference he would have taken the stand and expressly denied allegations made by several of the Commonwealth's witnesses.

On August 22, 2022, the trial court held a hearing before denying Jeffrey's motions to withdraw his plea and set aside the jury verdict. The trial court explained that granting Jeffrey's motion to withdraw his guilty plea would prejudice the Commonwealth for multiple reasons. In addition to prejudice "in the form of additional work, coordination and location of witnesses[,]" and "delay," the trial court noted "that the trial of this case, in which Mr. Jeffrey seeks to withdraw his plea was going entirely in the Commonwealth's favor."

The trial court addressed whether there was any reasonable basis for the motion to withdraw his plea. The trial court stated "[n]ot once during the trial and not once during the recitation of the facts by the Commonwealth that supported his conviction during his plea colloquy in the middle of trial was there any mention of these newly asserted defenses or even a hint of those defenses." Thus, the trial court stated, "from where this Court sits there is a strong suggestion of buyer's remorse from Mr. Jeffrey about the defenses he chose at that trial before deciding to voluntarily plead guilty." The trial court "[found] and conclude[d] that . . . [Jeffrey's] legal basis for his motion [wa]s specious at best." The trial court also "note[d] that the alleged deficiencies in the indictments could have been remedied at trial if necessary by a motion to amend the indictments to conform to the evidence, which the Court readily would have granted to promote the ends of justice."

Evaluating whether the motion to withdraw his plea was made in good faith, the trial court found that neither Jeffrey's assertion that he was forced to plead to spare his mother potential criminal charges nor his claim that he did not have enough time to decide what to do was made in good faith. The trial court noted that he had asked Jeffrey "if he was tricked, threatened, or forced to enter his plea in any way" and that Jeffrey had responded under oath that he had not. The trial court "asked Mr. Jeffrey under oath, if he was entering his plea freely and voluntarily[,]" and "his sworn testimony was, yes." As to Jeffrey's claim that he had only had ten minutes to decide whether to plead or continue with the trial, the trial court noted that the record reflected that the trial had been scheduled to resume at 9:00 a.m. on March 17, but that counsel had come to the trial court shortly before then requesting a delay in starting the trial to facilitate settlement negotiations. The trial court further noted that they had not convened until 12:51 p.m. to take his plea, so "Mr. Jeffrey had three hours and fifty-one minutes to consider his pleas and its ramifications, a far cry from the ten minutes that Mr. Jeffrey announced that he had to consider his plea."

The trial court concluded, "Jeffrey has demonstrated, at best, a casual relationship with the truth" and "[t]hat his efforts to withdraw his plea are a subterfuge to manipulate this Court and to manipulate a trial that Mr. Jeffrey saw on March 17th was going very badly for him." Finding that "Jeffrey's motion to withdraw his plea is made in bad faith," the trial court denied the motion.

The trial court then proceeded to the sentencing phase of the hearing. For each conviction, the trial court imposed a sentence of eight years' incarceration with five years and six months suspended. The three sentences were to run concurrently. Jeffrey appealed.

## II. ANALYSIS

### A. *Standard of Review*

"Trial courts possess 'sound discretion' to determine whether to allow a defendant to withdraw a pre-sentencing guilty plea, and the exercise of that discretion will of course turn on 'the facts and circumstances of each case.'" *Brown v. Commonwealth*, 297 Va. 295, 299-300 (2019) (quoting *Parris v. Commonwealth*, 189 Va. 321, 324 (1949)).

> [W]hen the defendant makes a motion to withdraw a guilty plea prior to the imposition of sentence, the decision whether to grant that motion is committed to the discretion of the trial court, "[b]ut such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense."

*Justus v. Commonwealth*, 274 Va. 143, 153 (2007) (second alteration in original) (quoting *Parris*, 189 Va. at 323-24). "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a guilty plea will not be disturbed unless plainly wrong or without evidence to support it." *Jones v. Commonwealth*, 29 Va. App. 503, 512 (1999).

"A motion for a continuance . . . is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion." *Smith v. Commonwealth*, 68 Va. App. 399, 420 (alteration in original) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 634 (1993)), *aff'd*, 296 Va. 450 (2018). "When a criminal

defendant argues on appeal that the trial court erred by denying his continuance motion . . . we apply a 'two-pronged test' asking whether 'the court abused its discretion' and whether the defendant 'was prejudiced by the court's decision.'" *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007) (quoting *Lebedun v. Commonwealth*, 27 Va. App. 697, 712-13 (1998)).

As a question of law, appellate courts apply a de novo standard of review to the question of whether a defendant was deprived of his constitutional right to testify on his own behalf at trial. *See Gallagher v. Commonwealth*, 284 Va. 444, 449 (2012) (citing *Montgomery Cnty. v. Va. Dep't of Rail & Pub. Trans.*, 282 Va. 422, 435 (2011)). "This Court 'will reverse a trial court's refusal to set aside a jury verdict only if that verdict was plainly wrong or without evidence to support it.'" *Brown v. Commonwealth*, 68 Va. App. 746, 795 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

B. *The trial court did not err in denying Jeffrey's motion to withdraw his no contest plea.*

Jeffrey argues he was prevented from calling his mother as a witness to testify on his behalf and that he did not have sufficient time to consider whether or not to change to his plea. He claims that by such he was coerced into making a plea he did not wish to make and therefore the trial court should have permitted him to withdraw his no contest plea. We disagree.

Code § 19.2-296 states:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

While the statute itself articulates the "manifest injustice" standard for evaluating motions to withdraw guilty pleas made after sentencing, that is of no use here as Jeffrey made his motion before he was sentenced. Despite the absence of any articulated standard in the statute, it is well

settled that to withdraw a guilty plea before sentencing, a defendant must "establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and . . . proffer evidence of a reasonable basis for contesting guilt." *Hernandez v. Commonwealth*, 67 Va. App. 67, 75 (2016) (quoting *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008)). "The 'good faith' prong of the test requires proof that the plea was submitted 'under an honest mistake of material fact' or 'was induced by fraud, coercion or undue influence and would not otherwise have been made.'" *Id.* at 76 (quoting *Parris*, 189 Va. at 324).

The Supreme Court has explained that a defendant should generally be allowed to withdraw a guilty plea when it was made by "mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury." *Parris*, 189 Va. at 325 (citation omitted). This Court has previously stated that "[t]he object of the *Parris* standard is to allow a defendant to withdraw his guilty plea in situations where the defendant would not have pled guilty but for some external circumstance such as coercion, or poor or erroneous advice from counsel[,]" but "[t]he Supreme Court . . . did not . . . set about to enable gamesmanship or mere regret." *Pritchett v Commonwealth*, 61 Va. App. 777, 788 (2013). "Determining whether a court erred in declining to allow withdrawal of a guilty plea 'requires an examination of the circumstances confronting [the] accused immediately prior to and at the time he [or she] pleaded to the charge.'" *Jones*, 29 Va. App. at 512 (alterations in original) (quoting *Parris*, 189 Va. at 322). And a defendant claiming his plea was the product of coercion bears the burden of providing "proof that the plea . . . 'was induced by . . . coercion . . . and would not otherwise have been made.'" *Hernandez*, 67 Va. App. at 76 (quoting *Parris*, 189 Va. at 324). Finally, "courts should consider what prejudice withdrawing

the plea might cause to the Commonwealth." *Brown*, 297 Va. at 299 (citing *Pritchett*, 61 Va. App. at 787).

Jeffrey argues that he only pleaded guilty to avoid the potentiality that his mother, whom he desired to call in his defense, would also be prosecuted and that he only had ten minutes in which to consider his plea. Despite bearing the burden to provide "proof that the plea . . . 'was induced by . . . coercion . . . and would not otherwise have been made,'" *Hernandez*, 67 Va. App. at 76 (quoting *Parris*, 189 Va. at 324), Jeffrey did no more than assert that his trial counsel advised him his mother could face charges if she testified, that he had been unable to discuss this with her, and that he had only ten minutes to consider his plea. The trial court weighed this testimony evidencing coercion and found it wanting. The trial court, taking notice of its own file and recollection of the events of the trial and plea hearing, stated, "Mr. Jeffrey had three hours and fifty-one minutes to consider his pleas and its ramifications, a far cry from the ten minutes that Mr. Jeffrey announced that he had to consider his plea." Further the trial court found that, based upon its observation of all the proceedings and each trial, "Mr. Jeffrey ha[d] demonstrated, at best, a casual relationship with the truth." The trial court concluded that Jeffrey's "efforts to withdraw his plea [were] a subterfuge to manipulate this Court and to manipulate a trial that Mr. Jeffrey saw on March 17th was going very badly for him" and "Jeffrey's motion to withdraw his plea [was] made in bad faith." To withdraw a guilty plea a defendant must "establish a good-faith basis for making the guilty plea *and later seeking to withdraw it*[.]" *Cobbins*, 53 Va. App. at 34 (emphasis added) (citing *Justus*, 274 Va. at 155-56). We cannot say that the trial court's determination to discredit Jeffrey's claims was plainly wrong, and the record supports the trial court's determination. Because we shall not second guess factual findings of the trial court supported by the record, we cannot say the trial court abused its discretion in finding Jeffrey's motion to withdraw his guilty plea was not made in good faith.

C. *There was no variance between the indictment and the Commonwealth's proffer.*

Jeffrey contends that a variance existed between the indictments for embezzlement and the Commonwealth's proffer given during the plea colloquy and therefore he should have been allowed to withdraw his no contest plea. We disagree.

"A variance occurs when the criminal pleadings differ from the proof at trial." *Purvy v. Commonwealth*, 59 Va. App. 260, 266 (2011).

> [A] fatal variance occurs where the indictment charges a wholly different offense than the one proved—like charging theft of money by false pretenses from one victim, while proving only theft by false pretenses from another victim, *Gardner v. Commonwealth*, 262 Va. 18 (2001), or charging a defendant with shooting into one person's residence, but proving instead that he shot into the residence of someone else, *Etheridge v. Commonwealth*, 210 Va. 328 (1969).

*Id.* at 266-67. "[A] variance will be deemed fatal 'only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged.'" *Id.* (quoting *Stokes v. Commonwealth*, 49 Va. App. 401, 406 (2007)).

Jeffrey argues that the indictment alleges he "embezzled funds belonging to [NNEO]" and that because the Commonwealth's proffer indicated he took funds from accounts belonging to Gilmer Housing and McCray Court, a fatal variance exists. The indictment simply does not state what Jeffrey alleges it does. The indictment reads:

> The accused, [Jeffrey], on or between May 1, 2020 and October 31, 2020 in the City of Roanoke, Virginia, did unlawfully, feloniously, and fraudulently use, dispose of conceal, or embezzle money or other personal property, tangible or intangible, in the amount of One thousand Dollars ($1000) or more, which he had received by virtue of his employment, position of trust, or agency relationship with Northwest Neighborhood Environmental Organization, Inc.

The indictment never alleges that Jeffrey took funds from the NNEO. The Commonwealth's proffered evidence indicated that Jeffery had worked for NNEO in some capacity

since 2019 and that NNEO had made him property manager of McCray Court and Gilmer Housing in July 2020; clearly Jeffrey enjoyed at least a position of trust with NNEO. The Commonwealth's proffer also clearly indicated Jeffrey spent money from McCray Court's accounts for his and his mother's benefit in a manner that had absolutely nothing to do with either McCray Court or Gilmer Housing. Since there is no variance, let alone a fatal variance, between the indictments and the proffered facts, Jeffrey's claimed variance does not amount to "a reasonable basis for contesting guilt." *Hernandez*, 67 Va. App. at 75 (quoting *Cobbins*, 53 Va. App. at 34).[2] Therefore the trial court did not err in finding that the "legal basis for [Jeffrey's] motion [was] specious at best."

D. *Jeffrey has failed to preserve his assignment of error regarding the trial court's denial of his motion to continue his sentencing hearing.*

Jeffrey argues that the trial court abused its discretion when it denied his motion to continue the sentencing hearing. Because Jefferey has failed to present an adequate record for this Court to evaluate his claim, we do not consider this assignment of error.

"[O]n appeal the judgment of the lower court is presumed to be correct[,] and the burden is on the appellant to present to [the appellate court] a sufficient record from which [it] can determine whether the lower court has erred in the respect complained of." *Smith*, 16 Va. App. at 635 (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

---

[2] The Commonwealth argues that a variance is a definitional impossibility here because a plea of guilty is by definition an agreement by the defendant that he is guilty of the charge articulated in the indictment. Because we are to reach decisions "on the best and narrowest grounds available," *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023) (quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)), and Jeffrey's assertions about the contents of the indictment are simply untrue, we refrain from commenting upon the possibility of a variance in the context of a guilty plea.

The trial court held a hearing on Jeffrey's motion to continue his sentencing hearing on August 17, 2022. Jeffrey's failure to make a transcript or written statement of facts from that hearing a part of the record leaves this Court "unable to fully review the parties' evidence and arguments below" regarding Jeffrey's motion to continue the sentencing hearing. *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020). At oral argument on appeal, Jeffrey acknowledged that he did not make a transcript of the August 17, 2022 hearing part of the record and conceded that such would be necessary for this Court to evaluate his claims. Therefore, we do not consider this assignment of error.

> *E. Jeffrey has failed to preserve his assignment of error regarding the trial court's denial of his motion to set aside the jury's verdict convicting him of taking money by false pretenses.*

Jeffrey asserts that the trial court erred in denying his motion to set aside the jury's verdict convicting him of two counts of obtaining money by false pretenses. However, this argument is waived, and we do not consider it.

Rule 5A:20(e) requires that briefs contain argument including principles of law and authority. However, Jeffrey's brief does no more than make the bare assertion that he was prevented from testifying. He provides no citation to any authority besides the relevant standard of review. He states that had he been allowed to testify, he would have denied allegations made by witnesses for the Commonwealth. However, he cites no authority whatsoever and presents no argument supporting his bare assertion that he was denied an opportunity to testify in his own defense. At oral argument, Jeffrey conceded this assignment of error and stated he did not wish to address it. Because his brief contains bare assertions, rather than argument, and lacks any citations to authority, we find this assignment of error is waived. *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) ("[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." (citation omitted)).

### III. CONCLUSION

Because the trial court did not abuse its discretion in denying Jeffrey's motion to withdraw his no contest plea, and because Jeffrey has not preserved his arguments regarding the denial of his motions for a continuance and to set aside the jury's verdict, the judgment of the trial court is affirmed.

*Affirmed*.