COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia

PUBLISHED

JEROME ALEXANDER GRIFFIN

v.     Record No. 0499-14-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
JANUARY 12, 2016

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

Stephen B. Plott (Law Office of Stephen B. Plott, PLC, on brief), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant Jerome Alexander Griffin entered pleas of guilty, pursuant to North Carolina v.

Alford, 400 U.S. 25 (1970),[1] to charges of second-degree murder and use of a firearm in the

commission of a felony. On appeal, he alleges the trial court erred by not allowing him to

withdraw his guilty pleas. We hold that the court did not err in denying the motion to withdraw

the pleas. Accordingly, we affirm the convictions.

I. BACKGROUND

Griffin faced charges of first-degree murder, two counts of attempted robbery, three

counts of use of a firearm in the commission of a felony, and possession of a firearm by a

convicted felon. In exchange for Griffin's pleas of guilt to a lesser-included charge of

---

[1] By tendering an Alford plea, Griffin acknowledged the evidence was sufficient to
convict him but maintained his innocence. See Alford, 400 U.S. at 37-38; see also Parson v.
Carroll, 272 Va. 560, 565, 636 S.E.2d 452, 454-55 (2006). His Alford plea had "the same
preclusive effect as a guilty plea." Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d
651, 652 (2000).

second-degree murder and one count of use of a firearm in the commission of a felony, the Commonwealth agreed to move for entry of an order of *nolle prosequi* as to all remaining charges and recommend a maximum fifteen-year sentence. In the plea agreement, Griffin expressly agreed that "he cannot withdraw his guilty plea at a future date as it would prejudice the Commonwealth."

The trial court accepted Griffin's guilty pleas on September 16, 2013, the day before his scheduled trial date. Prior to the trial court accepting the plea agreement, the Commonwealth represented that it was prepared for trial the following day. When the trial court said it planned to defer acceptance or rejection of the agreement until sentencing, the Commonwealth indicated that, in the event the trial court was not then willing to accept the plea agreement, it had to go forward with trial as scheduled or suffer prejudice. The Commonwealth proffered Griffin's criminal history, which the trial court required, so that it could accept the plea agreement without delay.

During the hearing, the trial court reviewed the plea agreement on the record with Griffin, and reminded him that the agreement provided he "c[ould] not and w[ould] not withdraw [his] guilty plea at a future date since it would prejudice the Commonwealth." Griffin acknowledged that he understood and agreed to these provisions. Griffin further confirmed that he entered the guilty pleas of his "own free will and volition," that he was not forced, tricked, or enticed to do so, and that he understood the consequences of entering guilty pleas. The trial court entered the order memorializing the plea on October 2, 2013.

On October 9, 2013, Griffin sent the trial court a request to withdraw his pleas so he could present an alibi defense at trial.[2] The trial court forwarded the letter to defense counsel,

---

[2] Griffin stated that, after he entered his Alford pleas, his alibi witness told him she would testify that she was with him at the time of the crimes. Though Griffin had not spoken with his alibi witness before entering his pleas, both defense counsel and the Commonwealth had

- 2 -

and on January 14, 2014,[3] defense counsel filed a motion on behalf of Griffin to withdraw his pleas. By the time the trial court heard the motion, the Commonwealth's key witnesses were no longer available or were uncooperative.[4] The trial court denied Griffin's motion, holding that it was "not made in good faith" and that the Commonwealth would suffer "severe prejudice" if the motion was granted. The trial court also found that Griffin had "no real new evidence" in support of his motion, emphasizing that Griffin presented no evidence as to what his alibi witness would testify to at trial. The trial court sentenced Griffin to fifteen years in prison.

## II. ANALYSIS

### A. *Express Waiver of Right to Withdraw Guilty Plea*

"Code § 19.2-296 allows a defendant to withdraw a guilty plea before sentence is imposed." Jones v. Commonwealth, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999). Irrespective of whether Code § 19.2-296 confers a statutory "right" or simply describes a procedural milestone, a defendant can expressly waive its provisions. "Generally, a party may waive by contract any right conferred by law or contract. If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." Burke v. Burke, 52 Va. App. 183, 188, 662 S.E.2d 622, 624 (2008) (quoting Gordonsville Energy, L.P. v. Va. Elec. & Power Co., 257 Va. 344, 355-56, 512 S.E.2d 811, 818 (1999)). Once accepted, courts generally treat plea agreements as binding contracts (subject to

interviewed this witness. Although her story varied between interviews, in both statements his alibi witness stated only generally that she was with him the evening of the crimes, not during the exact time the crimes took place.

[3] Griffin's attorney had been out of the office for personal reasons in the interim.

[4] The Commonwealth identified three primary witnesses, all of whom were then unable or unwilling to testify. One was Griffin's co-defendant, whose appeal was pending before this Court when the trial court heard the motion. A second had fled after Griffin entered guilty pleas. The third had decided he was dissatisfied with the consideration the Commonwealth offered in exchange for his testimony.

constitutional considerations not present here).  See Wright v. Commonwealth, 49 Va. App. 58, 62, 636 S.E.2d 489, 491 (2006) ("[B]asic rules of contract law apply to plea agreements."); see also, e.g., United States v. Britt, 917 F.2d 353, 359 (8th Cir. 1990) ("A plea agreement is contractual in nature and generally governed by ordinary contract principles.").

Virginia's appellate courts have not directly addressed whether a defendant, through a plea agreement, can expressly or impliedly waive the ability to withdraw a guilty plea.  However, we have previously held that a defendant can waive other statutory rights.  See, e.g., Congdon v. Commonwealth, 57 Va. App. 692, 705 S.E.2d 526 (2011) (holding that a juvenile waived his statutory right to appeal via a plea agreement); Mitchell v. Commonwealth, 30 Va. App. 520, 528, 518 S.E.2d 330, 334 (1999) (upholding express waiver of statutory right to speedy trial incorporated into continuance order).  Here, only express waiver is at issue.  An express waiver is a "voluntary action or inaction with intent to surrender a right *in esse* with knowledge of the facts and circumstances which gave birth to the right."  Employers Commercial Union Ins. Co. v. Great Am. Ins. Co., 214 Va. 410, 412, 200 S.E.2d 560, 562 (1973).  Express waivers can be made through a writing, an oral statement, or a combination of both.  See Mitchell, 30 Va. App. at 528, 518 S.E.2d at 334.

Here, Griffin signed a plea agreement that expressly waived any right to withdraw his plea once it was accepted by the trial court.  Before accepting the plea, the trial court engaged in an extensive colloquy pursuant to Boykin v. Alabama, 395 U.S. 238 (1969), during which the trial court reviewed the agreement terms with Griffin in detail.  Griffin confirmed that he read and understood the agreement, that he signed the agreement, and that he was entering his guilty pleas freely and voluntarily.  He confirmed that he understood and agreed to the express waiver provision.  Even though the trial court only expressly ruled that Griffin knowingly and voluntarily entered his guilty pleas (not that he waived his right to withdraw them), the transcript

- 4 -

of the plea colloquy demonstrates that Griffin expressly agreed to waive any ability to withdraw his guilty pleas. Accordingly, the trial court did not err in holding Griffin to the terms of the plea agreement.

### B. Prejudice to Commonwealth

"It is well established that a defendant's knowing and voluntary pretrial decisions may preclude him from exercising certain rights in the future, including constitutional rights, if they result in prejudice to the Commonwealth . . . ." Hubbard v. Commonwealth, 60 Va. App. 200, 211 n.4, 725 S.E.2d 163, 168 n.4 (2012). "[A] motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth." Ramsey v. Commonwealth, 65 Va. App. 593, 600, 779 S.E.2d 241, ___ (2015) (quoting Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4); see also Pritchett v. Commonwealth, 61 Va. App. 777, 787, 739 S.E.2d 922, 927 (2013).

Here, Griffin's plea agreement not only waived any right to withdraw his guilty pleas, but further stipulated that such a withdrawal would prejudice the Commonwealth. In addition to that express stipulation, the record shows that the Commonwealth would have suffered actual prejudice if forced to try the case. The three primary witnesses against Griffin were all unable or unwilling to testify by the time the trial court heard Griffin's motion to withdraw his pleas. One of the witnesses fled after Griffin pled guilty. Additionally, "prejudice may exist where the record reflects that the Commonwealth has partially or fully fulfilled its obligations in a plea agreement by dismissing or amending charges." Ramsey, 65 Va. App. at 600, 779 S.E.2d at ___ (quoting Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4). Pursuant to the agreement, the Commonwealth moved for the trial court to enter an order of *nolle prosequi* for numerous charges against Griffin. Such prejudice to the Commonwealth, which was both expressly stipulated and supported in the record, if Griffin were permitted to withdraw his guilty pleas,

- 5 -

bolsters the trial court's decision to enforce the terms of the plea agreement and deny Griffin's motion.

## III. CONCLUSION

Griffin expressly waived his ability to withdraw the plea, both through a written plea agreement and orally before the trial court. We find no error in the trial court holding Griffin to the terms of an agreement he entered knowingly and voluntarily. Accordingly, the trial court did not abuse its discretion by denying Griffin's motion to withdraw his pleas.

<u>Affirmed.</u>