UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia

ANTHONY WILLIAM GOODMAN

MEMORANDUM OPINION* BY
v.      Record No. 1037-16-2      JUDGE ROBERT J. HUMPHREYS
                                  JUNE 27, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Patricia Kelly, Judge

Timothy W. Barbrow (Law Office of Timothy W. Barbrow, on
brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Anthony Goodman ("Goodman") appeals the February 24, 2016 and May 25, 2016

decisions of the Circuit Court of King George County (the "circuit court") denying Goodman's

motions to withdraw his guilty pleas entered pursuant to North Carolina v. Alford, 400 U.S. 25

(1970). Goodman's single assignment of error is that the circuit court abused its discretion in

denying the motions to withdraw his pleas.

On appeal, we review a circuit court's denial of a motion to withdraw a guilty plea under

the abuse of discretion standard. Pritchett v. Commonwealth, 61 Va. App. 777, 785, 739 S.E.2d

922, 926 (2013). "Whether the trial court abused its discretion 'is to be determined by the facts

and circumstances of each case.'" Hernandez v. Commonwealth, 67 Va. App. 67, 77, 793

S.E.2d 7, 12 (2016) (quoting Hoverter v. Commonwealth, 23 Va. App. 454, 464, 477 S.E.2d 771,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

775 (1996)).  "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."  Hernandez, 67 Va. App. at 76, 793 S.E.2d at 12 (quoting Williams v. Commonwealth, 59 Va. App. 238, 246-47, 717 S.E.2d 837, 841 (2011)).

On July 1, 2015, Goodman was scheduled for a jury trial in the circuit court on charges of murder, attempted murder, two counts of use of a firearm in the commission of a felony, two counts of robbery, malicious wounding, and possession of a firearm subsequent to a felony conviction.  Before the start of trial, Goodman and the Commonwealth reached a plea agreement in which Goodman would tender guilty pleas on two counts of robbery and one count of use of a firearm in commission of a felony.  The plea agreement specifically stated that Goodman "knowingly, intelligently and voluntarily waive[d] all rights to withdraw his pleas of guilty and to appeal these convictions."  At the Commonwealth's request, the circuit court specifically reviewed the express waiver provision during the plea colloquy, and Goodman stated that he agreed to it.  The Commonwealth moved for the entry of an order of *nolle prosequi* to drop the remaining charges, and the court ordered a presentence report and preparation of the sentencing guidelines computation forms.  Later, Goodman made a motion to withdraw his guilty pleas, which the circuit court denied based on our holding in Griffin v. Commonwealth, 65 Va. App. 714, 780 S.E.2d 909 (2016).

In Griffin, we held that "a defendant can expressly waive" his or her right to withdraw a guilty plea before a sentence is imposed.  Id. at 719, 780 S.E.2d at 911.  Griffin signed a plea agreement that expressly waived his right to withdraw his guilty pleas.  Id.  Before the pleas were accepted, the trial court went through "an extensive colloquy" in which "Griffin confirmed that he read and understood the agreement, that he signed the agreement, and that he was entering his guilty pleas freely and voluntarily.  He confirmed that he understood and agreed to the express waiver provision."  Id. at 719, 780 S.E.2d at 912.  The trial court specifically

reviewed the provision prohibiting Griffin from withdrawing his pleas. Id. at 717, 780 S.E.2d at 910. In our analysis, we explained that, "[g]enerally, a party may waive by contract any right conferred by law or contract. If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." Id. at 718, 780 S.E.2d at 911 (quoting Burke v. Burke, 52 Va. App. 183, 188, 662 S.E.2d 622, 624 (2008)). Further, plea agreements are treated as binding contracts once they've been accepted by the court. Id. For those reasons, we held that Griffin expressly waived his right to withdraw his guilty pleas. Id. at 719, 780 S.E.2d at 912.

This case is nearly identical to Griffin. Both Griffin and Goodman signed a plea agreement that expressly waived their right to withdraw their pleas. The trial court in each case held a colloquy in which both Griffin and Goodman claimed to have understood their respective agreements and confirmed that they entered into them freely and voluntarily. Again, in both cases, the trial court specifically went over the terms of the agreement, and specifically addressed the express waiver provisions. Both Griffin and Goodman expressly acknowledged the waiver. Thus, we hold that Goodman expressly waived his right to withdraw his guilty pleas and therefore the circuit court did not abuse its discretion when it denied Goodman's motions to withdraw his guilty pleas.

Affirmed.