UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and O'Brien
Argued by videoconference

ASHLEY NICOLE SULLIVAN

v.      Record No. 1039-19-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
OCTOBER 20, 2020

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

James J. Ilijevich for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant Ashley Nicole Sullivan signed a plea agreement in which she agreed to plead

guilty to possession of a Schedule I/II controlled substance and possession of drug paraphernalia

in exchange for the Commonwealth's agreement to move to *nolle prosequi* two additional

charges. Pursuant to the plea agreement, Sullivan waived her right to withdraw her guilty plea.

Approximately two months after the trial court accepted her plea and pronounced her guilty –

and after a written order of guilt was entered – Sullivan informed the trial court that she wished

to request a deferred disposition under Code § 18.2-251. The trial court denied the request and

also denied Sullivan's subsequent request to withdraw her guilty plea. Sullivan appeals, arguing

that the trial court erred "when it determined that, after receiving a plea of guilty and finding the

Appellant guilty of a violation of Va. Code § 18.2-250, it did not have the authority to order a

deferred disposition under Va. Code § 18.2-251, even though the Appellant was otherwise

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

qualified." Sullivan also argues that the trial court erred "when it denied the Appellant's motion to withdraw her guilty plea when it was clear to the Court that the trial counsel sought to correct the Appellant's plea so that it was tendered in compliance with Va. Code § 18.2-251 which was anticipated at the time of her plea."

I. BACKGROUND

On December 2, 2017, law enforcement received a 9-1-1 call reporting that a woman, Sullivan, was unconscious and slumped over the steering wheel of her vehicle in a 7-Eleven parking lot in Stafford County. When an officer arrived at the scene, Sullivan began to awaken. The officer observed that Sullivan was disoriented, that her speech was slurred, and that she was acting nervous. Sullivan refused to exit the vehicle. While conducting a search, the officer found that she possessed oxymorphone, Suboxone, marijuana, and drug paraphernalia.

Sullivan was indicted for felony possession of a Schedule I/II controlled substance in violation of Code § 18.2-250 and three misdemeanors: possession of controlled paraphernalia in violation of Code § 54.1-3466; possession of a Schedule III drug in violation of Code § 18.2-250; and possession of less than one-half ounce of marijuana in violation of Code § 18.2-250.1. Sullivan pled not guilty and requested a bench trial, but the Commonwealth requested a trial by jury.

Prior to the trial, Sullivan and the Commonwealth entered into a plea agreement. Pursuant to the agreement, Sullivan agreed to plead guilty to possession of a Schedule I/II controlled substance and possession of controlled paraphernalia. Sullivan also agreed to waive her right to withdraw her guilty plea. The plea agreement expressly stated, "I agree to waive my right to withdraw my plea of guilty under Virginia Code § 19.2-296[.]" In exchange, the Commonwealth agreed to move to *nolle prosequi* the remaining charges.

- 2 -

On November 20, 2018, Sullivan appeared before the trial court to advise it of her plea. During the plea colloquy, the trial judge confirmed that Sullivan was entering into the plea freely and voluntarily. She asked if Sullivan understood that her plea agreement included a waiver of her right to withdraw her guilty plea under Code § 19.2-296 and if Sullivan understood that provision. Sullivan responded that she did understand it and did wish to waive her right to withdraw her guilty plea. The trial judge also asked if Sullivan understood that there was "a statutory right for you to subsequently withdraw your guilty plea and you are now waiving that right?" Sullivan stated that she understood. The trial judge then asked Sullivan if her attorney had discussed sentencing with her and the range of punishment she could receive. Sullivan responded, "Yes." The judge then stated, "The Court accepts your pleas of guilty on the two charges and finds sufficient evidence and does, in fact, find you guilty of possession of a schedule one or two controlled substance as charged in CR18-914-00, and possession of paraphernalia as charged in CR18-914-01." The trial court also granted the Commonwealth's motion – made in accordance with the plea agreement – to *nolle prosequi* the remaining charges. A written conviction order was entered on November 30, 2018.

On December 12, 2018, Sullivan appeared for a bond hearing, and her attorney requested she be released on a recognizance bond pending the sentencing. The trial judge explained, "But she's a convicted felon, so she can't do a PR bond, because she plead guilty to - - to felony charges." During the course of the hearing, counsel for Sullivan also acknowledged that Sullivan had already now been convicted of the felony. She stated, "This is not someone who's facing [a] significant amount of jail time. As Your Honor commented, she's a convicted felon. This is her first felony." After hearing the parties' arguments, the trial court set a $3,000 secured bond.

On January 28, 2019, the parties appeared for Sullivan's sentencing hearing. At the hearing, Sullivan's counsel asked that Sullivan be sentenced to "the first offender program" or, if

the court would not do so, that the court only sentence her to probation.[1]  The trial judge asked if

defense counsel had notified the court of Sullivan's intention to seek a first offender disposition

before the court found Sullivan guilty.  Defense counsel stated that she could not remember

whether she had requested a first offender disposition before the conviction order was entered.

The trial judge responded, "Well, it's a key issue.  Because usually what the Court does then is

withhold the finding."  The prosecutor, Sandra Park, stated that she had not been aware that

Sullivan was going to seek a first offender disposition.  The judge continued the case to provide

time for the parties and the court to review the transcripts to see if Sullivan's counsel had ever

made the request.

When the parties returned to court at the next hearing date, the trial judge stated that she

had reviewed the transcripts and found that a deferred disposition was never requested.

Sullivan's counsel explained that it was her and her client's intention to make the request at the

December 12, 2018 bond hearing, but she had failed to do so.[2]  As a result, she moved to set

aside the findings of guilt and to withdraw the guilty plea.  Because Park could not be present –

and another prosecutor less familiar with the case was standing in for her – the court took the

matter under advisement and continued the case to May 23, 2019.

At the May 23, 2019 hearing on defense counsel's motions to set aside the findings of

guilt and to withdraw the guilty plea, Park stated that she had reviewed her file and found that

---

[1] Although defense counsel did not expressly state so on the record, it is clear from the record that defense counsel was seeking a deferred disposition under Code § 18.2-251.  "A deferred disposition involves placing a defendant on probation under terms and conditions." Vandyke v. Commonwealth, 71 Va. App. 723, 730 (2020).

[2] Sullivan's trial counsel also acknowledged her error in the motion to withdraw her guilty plea.  That motion states, "Counsel in this matter inadvertently neglected to state on the record Defendant's intent to enter her guilty plea pursuant to Virginia Code § 18.2-251."

Sullivan actually had expressed an interest in seeking a deferred disposition under Code § 18.2-251. However, Park argued that Sullivan could not now seek to withdraw her guilty plea in order to seek a deferred disposition because, instead of pursuing her initial interest in a deferred disposition, Sullivan had chosen to sign a plea agreement in which she waived her right to withdraw her guilty plea. The trial judge informed Sullivan's trial counsel, "[T]his plea agreement clearly says she waived her right to withdraw, and that was reviewed by you as counsel with her, it was reviewed during the colloquy, she understood that. So she doesn't have a right because she waived that right." The trial court sentenced Sullivan to two years and twelve months of incarceration with all the time suspended, conditioned on her completion of supervised probation and five years of good behavior. The sentencing order reflects that the trial judge denied the motion to withdraw the guilty plea "due to the defendant entering into a written plea agreement in this case on November 20, 2018."

On June 17, 2019, the parties again appeared before the trial court regarding a motion by Sullivan's attorney to withdraw as counsel and to suspend the final order to allow Sullivan to find new counsel. The trial judge granted counsel's motion to withdraw, denied the motion to suspend the final order, and appointed appellate counsel for Sullivan. This appeal followed.

II. ANALYSIS

A. Sullivan's Request for a Deferred Disposition

In her first assignment of error, Sullivan argues that "[t]he trial court erred when it determined that, after receiving a plea of guilty and finding the Appellant guilty of a violation of Va. Code § 18.2-250, it did not have the authority to order a deferred disposition under Va. Code § 18.2-251, even though the Appellant was otherwise qualified." "Whether a trial court 'has authority to take a case under advisement and defer a finding of guilt is a question of law' reviewed *de novo* on appeal." Vandyke v. Commonwealth, 71 Va. App. 723, 729 (2020)

(quoting White v. Commonwealth, 67 Va. App. 599, 604 (2017)). Sullivan's argument requires us to determine whether the trial court erred in its interpretation of Code § 18.2-251, an issue we also review *de novo* on appeal. See Eley v. Commonwealth, 70 Va. App. 158, 162 (2019).

Code § 18.2-251 provides, in relevant part, as follows:

> Whenever any person who has not previously been convicted of any criminal offense under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section, or pleads guilty to or enters a plea of not guilty to possession of a controlled substance under § 18.2-250, the court, upon such plea *if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt* and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. . . .

(Emphasis added.)

"Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" Chapman v. Commonwealth, 56 Va. App. 725, 732 (2010) (alteration in original) (quoting Dionne v. Southeast Foam Converting & Packaging, Inc., 240 Va. 297, 304 (1990)). Consequently, "'[w]hen considering the meaning and effect of a statute, this Court follows the long-held standard that the clear meanings of words are controlling' and determines the legislature's intention from the plain language of the statute, "'unless a literal construction would involve a manifest absurdity.'"" Id. (quoting Alston v. Commonwealth, 49 Va. App. 115, 124 (2006)). See also Taylor v. Commonwealth, 298 Va. 336, __ (2020) ("When the language of a statute is unambiguous, we are bound by its plain meaning." (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007))). The plain language of Code § 18.2-251 provides that a trial court may grant a deferred disposition when it has found the facts sufficient to find a defendant guilty but

- 6 -

has not entered a judgment of guilt. It very clearly does *not* permit a trial court to grant a deferred disposition after a trial court has entered a judgment of guilt, as occurred here. Cf. Vandyke, 71 Va. App. at 733 (finding it "[i]mplicit in [Code § 18.2-258.1(H)] that the court has the discretion to permit a deferred disposition *if* it finds that the facts 'would justify a finding of guilt' *but has not yet actually pronounced the defendant guilty on those facts*"). In this case, the trial court pronounced Sullivan guilty on November 20, 2018, stating, "The Court accepts your pleas of guilty on the two charges and finds sufficient evidence *and does, in fact, find you guilty* of possession of a schedule one or two controlled substance . . . ." (Emphasis added.) A written conviction order reflecting that finding was then entered on November 30, 2018. Therefore, when Sullivan's trial counsel requested a deferred disposition from the trial court for the first time on January 28, 2019, the trial court no longer had the authority to grant a deferred disposition under Code § 18.2-251. Consequently, the trial court did not err in declining to grant Sullivan a deferred disposition.

### B. The Motion to Withdraw the Guilty Plea

In her second assignment of error, Sullivan contends that "[t]he trial court erred when it denied the Appellant's motion to withdraw her guilty plea when it was clear to the Court that the trial counsel sought to correct the Appellant's plea so that it was tendered in compliance with Va. Code § 18.2-251 which was anticipated at the time of her plea."

"The decision whether to allow a defendant to withdraw his plea 'rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" Spencer v. Commonwealth, 68 Va. App. 183, 186 (2017) (quoting Parris v. Commonwealth, 189 Va. 321, 324 (1949)). The trial court's ruling should be reversed "only upon 'clear evidence that [the decision] was not judicially sound . . . .'" Coleman v. Commonwealth, 51 Va. App. 284,

289 (2008) (alterations in original) (quoting Jefferson v. Commonwealth, 27 Va. App. 477, 488 (1988)).

"Code § 19.2-296 allows a defendant to withdraw a guilty plea before sentence is imposed." Jones v. Commonwealth, 29 Va. App. 503, 511 (1999). However, this Court has stated that "[i]rrespective of whether Code § 19.2-296 confers a statutory 'right' or simply describes a procedural milestone, a defendant can expressly waive its provisions." Griffin v. Commonwealth, 65 Va. App. 714, 718 (2016); see also id. ("Generally, a party may waive by contract any right conferred by law or contract. If the party being charged with relinquishment of a right had knowledge of the right and intended to waive it, the waiver will be enforced." (quoting Burke v. Burke, 52 Va. App. 183, 188 (2008))); Gordonsville Energy, L.P. v. Va. Elec. & Power Co., 257 Va. 344, 355-56 (1999). In Griffin, this Court held that the defendant expressly waived his right to withdraw his guilty plea where he signed a plea agreement in which he agreed to waive that right and where the trial court engaged in an "extensive colloquy" with the defendant in which the trial court "reviewed the agreement terms with [the defendant] in detail." Griffin, 65 Va. App. at 719.

Similar to the defendant in Griffin, Sullivan expressly waived her right to withdraw her guilty plea in the plea agreement. In addition, as was the case in Griffin, the trial court engaged in a colloquy with Sullivan in which the trial court reviewed with Sullivan the plea agreement and the terms of the waiver. Specifically, the trial judge asked, "And you understand specifically that this plea agreement has a provision, paragraph three, I agree to waive my right to withdraw my plea of guilty under Virginia Code 19.2-296, do you understand that provision?" Sullivan responded, "Yes." The trial judge then asked, "Do you understand that's a statutory right for you to subsequently withdraw your guilty plea and you are now waiving that right?" Sullivan again

responded, "Yes."[3]  Because Sullivan expressly waived her right to withdraw her guilty plea and confirmed through the plea colloquy with the trial court her understanding of her waiver of her right to withdraw her guilty plea, we certainly cannot say that the trial court abused its discretion in denying Sullivan's motion to withdraw her guilty plea.

### III. CONCLUSION

In short, the trial court did not err in refusing to grant Sullivan's request for a deferred disposition.  The General Assembly was clear in the plain language of Code § 18.2-251 that trial courts are not permitted to make deferred dispositions under this statute once the court has entered a judgment of guilt.  In this case, Sullivan did not request a deferred disposition until two months after she was found guilty and a judgment of guilt had been entered in an order of conviction.  Because the plain language of Code § 18.2-251 does not provide the trial court with the authority to grant deferred dispositions under such circumstances, we find no error with the trial court's decision not to do so.

The trial court also did not err in denying Sullivan's motion to withdraw her guilty plea. Sullivan signed a plea agreement in which she expressly agreed to waive her right to withdraw her guilty plea.  In addition, during her plea colloquy with the trial court, the trial judge reviewed the waiver provision with Sullivan and confirmed that Sullivan understood it and wanted to

---

[3] We note that the trial judge's colloquy with Sullivan would have alerted Sullivan and her trial counsel that the plea agreement that she signed did not contain a provision regarding a deferred disposition – and that the trial judge had no knowledge of her intention to seek one. After reviewing with Sullivan the waiver provision of her plea agreement, the trial judge also explained to Sullivan that the plea agreement did not contain an agreement regarding a sentence. The trial judge explained the range of punishment possible, informing Sullivan that she could be "sentenced to ten years, twelve months."  Sullivan again responded, "Yes."

waive her right to withdraw her guilty plea.  Under these circumstances, the trial court certainly did not err in denying Sullivan's subsequent motion to withdraw her guilty plea.

For all of these reasons, we affirm the decisions of the trial court.

<u>Affirmed.</u>