COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Athey and Senior Judge Humphreys
Argued at Lexington, Virginia


TRAVIS WAYNE TOLLEY

                                         MEMORANDUM OPINION* BY
v.        Record No. 1792-24-3         JUDGE MARY BENNETT MALVEAUX
                                        SEPTEMBER 23, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

John S. Koehler (The Law Office of James Steele, PLLC, on brief),
for appellant.

Sandra M. Workman, Assistant Attorney General (Jason S. Miyares,
Attorney General; Mary Catherine Talbott, Assistant Attorney
General, on brief), for appellee.


Pursuant to a plea agreement, appellant entered conditional guilty pleas to one count each

of possession of a firearm by a non-violent felon, in violation of Code § 18.2-308.2; possession

of a controlled substance with intent to distribute, third or subsequent offense, in violation of

Code § 18.2-248; and possession of a firearm while in possession of a controlled substance with

intent to distribute, in violation of Code § 18.2-308.4.  Appellant argues that the trial court erred

by denying his motion to suppress evidence seized in a warrantless search because his prior

Fourth Amendment waiver was insufficiently broad to inform him that it extended to the area

searched.  For the following reasons, we affirm.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most favorable to the Commonwealth, [as] the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" *Bazemore v. Commonwealth*, 82 Va. App. 478, 485 (2024) (alteration in original) (quoting *Sidney v. Commonwealth*, 280 Va. 517, 520 (2010)).

In January 2020, appellant entered into a dispositional plea agreement with the Commonwealth on one count each of possession of a controlled substance and distribution of a controlled substance. As part of the agreement, appellant was to receive partially suspended sentences subject to supervised probation. He also consented to "waive[] his Fourth Amendment rights against unreasonable searches and seizures at any time and by any law enforcement officer during the period of fifteen (15) years from the date of sentencing." In signing the agreement, appellant acknowledged that he had "read this plea agreement and discussed all of its terms and provisions with [his] attorney" and that he "underst[oo]d its terms, [and] that each and every term and the effect thereof have been fully explained to him by his attorney."

The trial court accepted the plea agreement and convicted appellant of the two offenses. The court's sentencing order, which included waiver language identical to that of the plea agreement, specified that as a condition of his suspended sentences appellant waived his Fourth Amendment rights against unreasonable searches and seizures.

On May 4, 2023, acting without a warrant pursuant to appellant's waiver, police entered and searched a house owned by appellant on Big Springs Drive in Rockbridge County.[1] There,

---

[1] Investigator Ryan McCullough of the Rockbridge County Sheriff's Office participated in the search. He testified at the suppression hearing that "[t]he understanding was that [appellant] was the resident" at the home on Big Springs Drive, "and we were using a Four A [w]aiver. That was the understanding in the [pre-search] briefing."

they found appellant asleep on a couch in the living room; a shotgun was hanging from antlers mounted on the wall above the couch. An adjacent bedroom contained personal items belonging to appellant, including his medication, personal letters and other mail, and a "cash app card" in appellant's name. The bedroom also contained three digital scales, numerous plastic baggies, and a pouch containing "a substantial amount of a crystal-like substance." Keys hanging above the bed unlocked a wall safe that held prescription pill bottles bearing appellant's name. The safe also held a large plastic baggie containing "another substantial amount of a crystal-like substance." Upon forensic analysis, both "crystal-like substance[s]" proved to be methamphetamine.

Appellant filed a motion to suppress the evidence obtained during the search. He challenged the validity of his Fourth Amendment waiver to authorize a warrantless "entry into [his] home," arguing that his waiver was not intelligently given because it was "entered into without the knowledge or understanding of the Commonwealth's intent to use [it] as a means to enter [appellant's] home without a warrant." Appellant contended that because the waiver "contained no language specifying its use for anything other than, presumptively, [the search of] his person," additional "language broadening the scope of the waiver cannot be read into the contract, and should not be used as a justification [for] entering his home without a warrant."

The Commonwealth filed a motion challenging appellant's standing to move to suppress. It argued that appellant rented the house on Big Springs Drive to other persons but "did not live [there]" himself, and thus appellant had no reasonable expectation of privacy in the searched premises.

The trial court conducted a hearing on the Commonwealth's motion, during which the Commonwealth maintained that appellant "did not, in fact, live at the residence" searched by police. Appellant maintained that the Big Springs Drive residence was "his home, his castle, as

it were." The court overruled the Commonwealth's motion, noting that it was resolving "the standing arguments . . . in favor of [appellant]."

The trial court also conducted a hearing on appellant's motion to suppress. While noting that appellant's Fourth Amendment waiver was "very broad," the court held that "the text of the Fourth Amendment" "certainly encompass[es] . . . a house" as an area protected by right against unreasonable searches. Accordingly, the court found that appellant "made a knowing and voluntary waiver of that right" and denied the motion.

Appellant entered conditional guilty pleas to possession of a firearm by a non-violent felon, possession of a controlled substance with intent to distribute, and possession of a firearm while in possession of a controlled substance with intent to distribute, reserving his right to appeal the denial of his motion to suppress.

This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to suppress because the language of his Fourth Amendment waiver was "not sufficiently broad" to inform him that it would encompass a search of his residence on Big Springs Drive. Specifically, he contends that as a contract, his waiver must not be interpreted "more broadly . . . than its plain language permits" and that the lack of express language "beyond the description of 'unreasonable searches and seizures'" was insufficient to put him on notice that his Big Springs Drive residence might be searched without a warrant. Therefore, appellant argues, because he was insufficiently "inform[ed]" of the scope of his waiver of his Fourth Amendment rights, he could not have intelligently given that waiver.

"When challenging the denial of a motion to suppress evidence on appeal, the defendant bears the burden of establishing that reversible error occurred." *Street v. Commonwealth*, 75 Va. App. 298, 303-04 (2022) (quoting *Mason v. Commonwealth*, 291 Va. 362, 367 (2016)). "In

- 4 -

reviewing the evidence, this Court is bound by the trial court's 'findings of historical fact unless "plainly wrong" or without evidence to support them.' Under this standard, the appellate court 'give[s] due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Id.* at 645-46 (alteration in original) (citation omitted) (first quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc); and then quoting *Commonwealth v. White*, 293 Va. 411, 414 (2017)). But the trial court's "application of such facts to our Fourth Amendment jurisprudence, however, is a question of law that this Court reviews de novo." *Durham v. Commonwealth*, 303 Va. 310, 321 (2024).

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Cole v. Commonwealth*, 294 Va. 342, 355 (2017) (alteration in original) (quoting U.S. Const. amend. IV). "Because the protections afforded by the Fourth Amendment are at their apex when a person is in his home behind a closed door, 'searches . . . inside a home without a warrant are presumptively unreasonable[,]' and thus, 'are presumptively invalid.'" *White v. Commonwealth*, 73 Va. App. 535, 553 (2021) (alterations in original) (citation omitted) (first quoting *Payton v. New York*, 445 U.S. 573, 586 (1980); and then quoting *Merid v. Commonwealth*, 72 Va. App. 104, 112 (2020)). But constitutional rights may be waived, *Muhammad v. Commonwealth*, 269 Va. 451, 507 (2005), and "[t]he waiver of constitutional rights in a plea agreement is not an uncommon practice," *Murry v. Commonwealth*, 288 Va. 117, 129 (2014). "Nor is it uncommon for defendants to agree to search conditions of probation in exchange for a more lenient term of incarceration." *Id.* Such "consent to warrantless searches . . . as part of a plea agreement[] [is] subject to the traditional rules about waivers of rights." *Hubbard v. Commonwealth*, 80 Va. App. 384, 399 (2024), *rev'd on other grounds*, ___ Va. ___ (Sept. 11, 2025). "To justify a search on the basis of a waiver, the Fourth Amendment requires the Commonwealth to show that the waiver was given voluntarily and did not

- 5 -

result from coercion." *Anderson v. Commonwealth*, 256 Va. 580, 584 (1998). "Thus, a challenge to an agreed-upon provision in a plea agreement is generally an argument that the defendant did not do so voluntarily, knowingly, or consensually." *Hubbard*, 80 Va. App. at 399. And because "courts generally treat [accepted] plea agreements as binding contracts" between the Commonwealth and a defendant, we interpret a plea agreement's terms according to contractual principles "subject to constitutional considerations" relevant to the Fourth Amendment. *Griffin v. Commonwealth*, 65 Va. App. 714, 718 (2016).

Here, appellant contends that his Fourth Amendment waiver was not intelligently given because the express language of the waiver failed to put him on notice that his Big Springs Drive residence might be searched without a warrant. We disagree. In denying the Commonwealth's motion challenging appellant's standing to move to suppress, the trial court resolved "the standing argument[] . . . in favor of [appellant]." The court implicitly found that the Big Springs Drive residence was appellant's "home," as consistently argued by appellant, rather than merely a rental property where he "did not live," as argued by the Commonwealth.[2] And the plain text of appellant's waiver made clear that it was a waiver of "his Fourth Amendment rights against unreasonable searches and seizures" during a fifteen-year period. *See Kosmann v. Brown*, 81 Va. App. 322, 340-41 (2024) (noting that appellate courts consider de novo "the words of [a]

---

[2] To the extent that appellant argues his waiver was not intelligently given because its language was insufficiently broad to "encompass[] searches of property and residences where he was present," but not living, that argument is waived. As noted above, both in his motion to suppress and at the hearing on the Commonwealth's motion, appellant consistently argued that the Big Springs Drive residence was his "home." "A litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory,' or else such arguments are waived." *Amazon Logistics, Inc. v. Va. Emp. Comm'n*, ___ Va. ___, ___ (Mar. 6, 2025) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "They must 'elect a particular position' and are thereafter confined 'to the position that [they] first adopted.'" *Id.* at ___ (alteration in original) (quoting *Matthews v. Matthews*, 277 Va. 522, 528 (2009)). Here, because appellant consistently argued in the trial court that the Big Springs Drive residence was his "home," he has waived any argument on appeal that the residence was not his home, but simply a place where he happened to be "present."

contract within the four corners of the instrument" (quoting *Eure v. Norfolk Shipbuilding & Drydock Corp., Inc.*, 263 Va. 624, 631 (2002))). As the trial court observed, this waiver of "Fourth Amendment rights" derived its meaning through reference to "the text of the Fourth Amendment" itself, which protects persons against unreasonable searches of their houses. *See Allen v. Allen*, 66 Va. App. 586, 598 (2016) (noting that this Court, in construing a "contract as a whole," must "giv[e] meaning to each and every word contained within the four corners of the agreement"); *Dowling v. Rowan*, 270 Va. 510, 516-17 (2005) (noting that language used in contracts that are "plain upon their face . . . is to be taken in its ordinary significance unless it appears from the context it was not so intended" (quoting *Virginian Ry. Co. v. Hood*, 152 Va. 254, 258 (1929))). Accordingly, because the plain text of the Fourth Amendment, which explicitly protects against unreasonable searches of one's "house[]," provided the content and meaning of appellant's "Fourth Amendment" waiver, that waiver was sufficient to put appellant on notice he was waiving his right against the search of his home.[3]

This conclusion is further supported by the acknowledgements appellant made when he signed his plea agreement. In signing, appellant acknowledged that he had read the agreement and "discussed all of its terms and provisions with [his] attorney" and that he "underst[oo]d its terms," "each and every term" of which, together with "the effect[s] thereof [had] been fully explained to him by his attorney." Based on the language of appellant's Fourth Amendment waiver, together with appellant's contemporaneous acknowledgement that he understood the terms and effects of that waiver, we conclude that the trial court did not err by finding that

---

[3] Relying on *Hubbard v. Commonwealth*, 80 Va. App. 384 (2024), appellant also argues that his action in signing a waiver "cannot be read as giving the Commonwealth *carte blanche* to search [his] person, property and environs anywhere, at any time, and through any method it deems appropriate." But subsequent to briefing and argument in this appeal, our Supreme Court reversed the decision in *Hubbard* upon which appellant predicates his argument. *See Commonwealth v. Hubbard*, ___ Va. ___ (Sept. 11, 2025). Accordingly, appellant's reliance on this Court's decision in *Hubbard* is misplaced.

appellant had made a knowing waiver of his right against warrantless searches of his home.  The court therefore did not err in denying appellant's motion to suppress.

## III.  CONCLUSION

For the foregoing reasons, we affirm the trial court.

*Affirmed.*